**DICKINSON WRIGHT PLLC**
John L. Krieger
Nevada Bar No. 6023
Kevin D. Everage
Nevada Bar No. 15913
3883 Howard Hughes Pkwy., Suite 800
Las Vegas, Nevada 89169
(702) 550-4439
jkrieger@dickinsonwright.com
keverage@dickinsonwright.com

Frank G. Long
(Admitted *Pro hac vice*)
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004
(602) 285-5093
flong@dickinsonwright.com

David S. Becker
(Admitted *Pro hac vice*)
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 377-7881
dbecker@dickinsonwright.com

*Attorneys for Plaintiff*
*BBK Tobacco & Foods, LLP*
*d/b/a HBI International*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BBK TOBACCO & FOODS, LLP d/b/a HBI INTERNATIONAL,<br><br>     *Plaintiff,*<br><br>     *v.*<br><br>AIM GROUP USA CORPORATION a/k/a AIMS GROUP USA, INC., and NEPA WHOLESALE, INC.,<br><br>     *Defendants.* | Case No.: 2:22-cv-01648-GMN-BNW<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff BBK Tobacco & Foods, LLP d/b/a HBI International ("BBK") and Defendant NEPA Wholesale, Inc. ("NEPA") (collectively with BBK, the "Parties"), by and through their counsel of record, as follows:

The Parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, and/or personally or commercially sensitive information are likely to be disclosed or produced during the course of discovery in the Litigation (defined below), and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**1.      PURPOSE.**

A Receiving Party may use Protected Material, as defined below, that is disclosed or produced by a Party or by a non-party, in connection with the following case  for purposes of prosecuting, defending, or attempting to settle the following litigation:  *BBK Tobacco & Foods, LLP d/b/a HBI International v. AIMS Group USA Corporation a/k/a AIMS Group USA, Inc., and NEPA WHOLESALE, Inc.,* Case No. 2:22-cv-01648-GMN-BNW ("Litigation").  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

**2.      DEFINITIONS.**

**a.**      "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in the Litigation.

**b.**      "Party" means any party to the Litigation, including all of its officers, directors, and employees.

**c.**      "Producing Party" means any Party or third-party person or entity that discloses or produces any Discovery Material in the Litigation.

**d.**      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"—as provided for in this Order—as well as any information copied or extracted therefrom, together with all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in Court or in any other setting that might reveal such information.  Protected Material shall not include materials that, shown on their face, have been disseminated to the public by the designating party or any material covered by Section 6(c) below.

**e.**      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**f.**      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) attorneys in the same law firm as such counsel to whom it is reasonably necessary to disclose the information for purposes of this Litigation.

**3.      COMPUTATION OF TIME.**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**4.      SCOPE.**

**a.**      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

**b.**      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as filing the Protected Material under seal.

**c.**      This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

/ / /

/ / /

**5.      DURATION.**

Even after the termination of the Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.      ACCESS TO AND USE OF PROTECTED MATERIAL.**

**a.      Basic Principles**.  All Protected Material shall be used solely in the Litigation or any related proceeding, and not for any other purpose whatsoever, including, without limitation any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

**b.      Secure Storage**.  The Receiving Party must store and maintain all Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**c.      Limitations.**  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

**7.      DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."**

**a.**      To the extent reasonably possible, each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific documents that qualify under the appropriate standards.

**b.**      A Party or non-party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, non-public, proprietary, commercially sensitive, private information of an individual or entity, that contains information received in confidence from third parties, or which a Producing Party believes in good faith to be entitled to protection under Fed. R.

Civ. P. 26(c), or other applicable rules or laws. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that the Producing Party claims in good faith constitutes: (1) confidential financial information of an individual or an entity; (2) trade secrets; (3) confidential financial or business plans and strategies; or (4) any other highly sensitive personal or proprietary business information that may cause competitive, commercial, or financial injury if disclosed beyond the disclosure allowed in paragraph 7(d), below.

      **c.**    Unless otherwise ordered by the Court, Discovery Material stamped CONFIDENTIAL may be disclosed only to the following:

        **i.**    The Court and its personnel, although any documents that are filed with the Court and reference or attach any information or document labeled "CONFIDENTIAL" must be filed pursuant to the sealing rules described in Paragraph 12, below.

        **ii.**    The Parties themselves, corporate officers, in-house counsel, and key employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action.

        **iii.**    The Receiving Party's Outside Counsel, their paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed.

        **iv.**    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

        **v.**    Court reporters, stenographers and videographers retained to record testimony taken in this action.

        **vi.**    Deposition and trial witnesses, and their attorneys, in the Litigation to whom disclosure is reasonably necessary provided they agree to be bound by the provisions of the Protective Order by signing a copy of Exhibit A hereto. If a deposition witness refuses to read this Order and sign a copy of Exhibit A, any Party may designate any deposition testimony with respect

to such confidential documents as Confidential and may seek additional orders or relief from the Court with respect to any such witness.

**vii.** Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings, including but not limited to litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for us in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials, to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the Litigation, provided the vendor's employees having access to the data or documents agree to be bound by the terms of this Order by signing the certificate attached as Exhibit A.

**viii.** Any mediator or settlement conference judge who is assigned to hear this matter, and his or her staff, provided they agree to bound by the terms of this Protective Order.

**d.** Unless otherwise ordered by the Court, Discovery Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Producing Party may be disclosed by a Receiving Party only to the persons identified in paragraphs 7(c) i, iii, iv, v, vi, vii, and viii.

**e.** If a Producing Party elects to produce original files and records for inspection and the Receiving Party desires to inspect those files, no confidentiality designations need be made by the Producing Party in advance of the initial inspection, but the Receiving Party shall maintain the confidentiality of all those original files and records that it reviews and treat such information as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents, materials or things for copying by the Receiving Party, the Producing Party shall mark the copies of such documents as may contain protected subject matter with the appropriate designation at the time the copies are produced to the Receiving Party.

**f.** The deposition testimony and deposition transcript of a Party shall be presumptively deemed to contain Confidential Information and subject to the provisions of this Order. In the case of a deposition of a third party, if the third party requests, this presumption shall also apply to the

third party's deposition testimony and transcript. Such testimony and transcripts shall for a period of thirty (30) business days following receipt of the transcript by counsel for the deponent be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Within thirty (30) business days following receipt of the transcript, counsel for the deponent, and, if the deponent is not a Party, Outside Counsel for a Party may designate certain portions of the deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by notifying all counsel of record and, when necessary, the deponent or deponent's counsel in writing of said designation(s). Such portions of the transcripts contained therein shall be treated as subject to the terms of this Order. Outside Counsel for each Party and counsel for any third party shall be responsible for marking the designated portions of copies of the transcript in their possession in accordance with the notification and treating the information thereafter as required by this Order. Counsel for the designating party may not simply designate an entire transcript as CONFIDENTIAL, but shall make a good faith effort to apply the designation(s) by page and line number. If counsel for the deponent or any Party to this action designates a portion of the testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on the record during the deposition, the designating party shall have the right to exclude all persons not bound or authorized under this Order from the deposition, or any portion thereof, before the designated testimony is taken.

**8.      CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL.**

**a.**      A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

**b.**      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection to each challenged designation. For avoidance of doubt, such challenge may be made via e-mail to Outside Counsel for the Producing Party. The Parties shall

thereafter meet and confer in good faith and attempt to resolve any dispute regarding the designation. *See* Local Rule IA 1-3(f).

  **c.**  If the Parties are unable to agree as to whether the designation is appropriate, any Party(ies) may notify the other Party(ies) that the discussions are at an impasse, after which the objecting Party shall have ten (10) business days to move for an order to remove the disputed designation. *See* Local Rule 26-6. The designating party shall have the burden of justifying the disputed designation.

  **d.**  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

  **e.**  Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**9.**  **SUBPOENAS OR COURT ORDERS.**

  If at any time a Receiving Party receives a subpoena from any court, arbitral, administrative, regulatory or legislative body, requesting Discovery Material produced by another Party, the Party to whom the subpoena or other request is directed shall give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials. Nothing in this paragraph should be construed as permitting disclosure of Protected Material to any third party except as expressly provided in this Order.

**10.**  **FILING PROTECTED MATERIAL.**

  **a.**  As applied to documents, materials or other papers filed with the Court that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Parties shall file such documents (or any portion thereof) under seal using the Court's

electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).  If the Court concludes the documents, materials or other papers submitted to not be entitled to confidential protection and denies leave to file such Confidential Discovery Material under seal on that basis, the moving Party may submit the Confidential Discovery Material to the Court unsealed and unredacted but will, in all other respects, treat such material as Confidential consistent with the terms of this Order.

**b.**     If a Party believes that material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and cannot or should not be sealed, pursuant to the protocols and rules in this District, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing.  The Parties will then meet and confer, in a good faith effort to resolve the dispute.  Failing agreement, the Party wishing to file the materials must request a ruling from the Court on whether the Discovery Material in question must be submitted under seal. The Producing Party shall have the burden of justifying that the materials must be submitted under seal. Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

**c.**     The use of Protected Material during any pre-trial hearing shall be determined by agreement of the Parties or as directed by the Court.

**11.     SHIPPING PROTECTED MATERIALS.**

When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient.  If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material via Federal Express or UPS and retain a tracking number for the materials.  If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, the Receiving Party will immediately notify the

Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

**12.  UNINTENTIONAL DISCLOSURE OF PRIVILEGED MATERIALS.**

**a.**  The inadvertent production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the work-product privilege, or by any other legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the Producing Party promptly notifies the Receiving Party, in writing, of the production after its discovery of the same.

**b.**  If the Producing Party notifies the Receiving Party that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party, destroyed, or deleted, on request of the Producing Party.  If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will immediately sequester and not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

**c.**  The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.  The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

**d.**  The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

**e.**  If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

**f.**  The Receiving Party returning the Identified Materials may move the Court for an

order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

**g.**    The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

**h.**    This stipulated agreement set forth in Paragraph 12 and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

**13.    INADVERTENT FAILURE TO DESIGNATE PROPERLY.**

**a.**    The inadvertent failure by a Producing Party to designate Discovery Material with the correct confidentiality designation shall not waive any such designation. If the Producing Party notifies the Receiving Party of an inadvertent failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party. For avoidance of doubt, such challenge may be made via e-mail to Outside Counsel for the Producing Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

**b.**    A Receiving Party shall not be in breach of this Order for any use of such inadvertently non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

**14.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER.**

**a.**    In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, including the Receiving Party, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party, and the Party who provided documents to the disclosing party, shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

**b.**    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**15.    FINAL DISPOSITION.**

**a.**    Not later than sixty (60) days after the final disposition of the last pending case in the Litigation, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Discovery Material, at the option of the Producing Party. For purposes of this Order, "final disposition" occurs after an order, mandate, or dismissal finally terminating the last pending case in the Litigation with prejudice, including all appeals.

**b.**    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, motion papers, discovery responses, hearing transcripts, deposition transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product (but not document productions), even if such materials contain Protected Information for archival purposes, which shall remain subject to this Agreement.

1   **16.    NOTICE TO NONPARTIES.**

2          Any Party issuing a subpoena to a nonparty shall enclose a copy of this Protective Order

3   and advise the nonparty that it may designate any documents or other information it produces

4   pursuant to the terms of this Protective Order, should the nonparty producing party wish to do so.

5   This Order shall be binding in favor of nonparty designating parties to the maximum extent

6   permitted by law. Any nonparty invoking the Protective Order shall comply with, and be subject

7   to, all applicable sections of the Protective Order.

8   **17.    MISCELLANEOUS.**

9          **a.      Right to Further Relief.**  Nothing in this Order abridges the right of any person to

10  seek its modification by the Court in the future. By stipulating to this Order, the Parties do not

11  waive the right to argue that certain material may require additional or different confidentiality

12  protections than those set forth herein.

13         **b.      Termination of Matter and Retention of Jurisdiction.**  The Parties agree that the

14  terms of this Protective Order shall survive and remain in effect after the termination of the

15  above-captioned matter unless modified by an Order of the Court or by the written stipulation of

16  the Parties filed with the Court. The Court shall retain jurisdiction after termination of this matter

17  to hear and resolve any disputes arising out of this Protective Order.

18         **c.      Successors.**  This Order shall be binding upon the Parties hereto, their attorneys,

19  and  their  successors,  executors,  personal  representatives,  administrators,  heirs,  legal

20  representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

21  experts, and any persons or organizations over which they have direct control.

22         **d.      Right to Assert Other Objections.**  By stipulating to the entry of this Protective

23  Order, no Party waives any right it otherwise would have to object to disclosing or producing any

24  information or item.  Similarly, no Party waives any right to object on any ground to use in evidence

25  any of the material covered by this Protective Order. This Order shall not constitute a waiver of the

26  right of any Party to claim in this action or otherwise that any Discovery Material, or any portion

27  thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action

28  or any other proceeding.

1           **e.**       **Actions to Protect Confidential Information.**  In the event that the Court

2    determines that there is an actual or threatened breach of this Order by a Party who received

3    Protected Material, the Parties agree that the Producing Party would not have an adequate remedy

4    at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms

5    of this Order, in addition to any other remedy the Party may be entitled at law or in equity.

6           **f.**       **Burdens of Proof.**  Notwithstanding anything to the contrary above, nothing in this

7    Protective Order shall be construed to change the burdens of proof or legal standards applicable in

8    disputes regarding whether particular Discovery Material is confidential, which level of

9    confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions

10   should apply.

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

1      **g.      Modifications.**   The Parties may, in writing, provide for exceptions to this Order

2  and any Party may seek an order of this Court modifying this Order.  This Order is subject to further

3  court orders based upon public policy or other considerations, and the Court may modify this Order

4  *sua sponte* in the interests of justice.  The United States District Court for the District of Nevada is

5  responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected

6  Material, however designated, produced under the protection of this Order shall be resolved by the

7  United States District Court for the District of Nevada.

8          DATED:   November 28, 2022.

9

10  DICKINSON WRIGHT PLLC

11  By: */s/ John L. Krieger*
          John L. Krieger, Esq.
12          Kevin D. Everage, Esq.
          3883 Howard Hughes Pkwy
13          Suite 800
          Las Vegas, Nevada 89169
14
          Frank G. Long, Esq.
15          (Admitted *Pro hac vice*)
          1850 N. Central Avenue,
16          Suite 1400
          Phoenix, Arizona 85004
17
          David S. Becker, Esq.
18          (Admitted *Pro hac vice*)
          55 W. Monroe Street,
19          Suite 1200
          Chicago, Illinois 60603
20
          *Attorneys for Plaintiff*
21          *BBK Tobacco & Foods, LLP*
          *d/b/a HBI International*
22

FEINSTEIN & MENDEZ, P.A.

By:  */s/ Brett Feinstein*
          Brett Feinstein, Esq.
          (Admitted *Pro hac vice*)
          2600 S. Douglas Road
          Suite 506
          Coral Gables, Florida 33134

RICE REUTHER SULLIVAN & CARROLL, LLP

          David A. Carroll, Esq.
          Anthony DiRaimondo, Esq.
          3800 Howard Hughes Pkwy
          Suite 1200
          Las Vegas, Nevada 89169

          *Attorneys for Defendant NEPA Wholesale, Inc.*

23

24                          **IT IS SO ORDERED:**

25

                          United States Magistrate Judge

26

                          DATED: November 29, 2022

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, District of Nevada on _____, 2022 in the case of *BBK Tobacco & Foods, LLP d/b/a HBI International v. AIMS Group USA Corporation a/k/a AIMS Group USA, Inc., and NEPA WHOLESALE, Inc.,* Case No. 2:22-cv-01648-GMN-BNW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

Printed name: _____

Signature: _____