UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BBK Tobacco & Foods, LLP, d/b/a HBI International,<br><br>Plaintiff,<br><br>v.<br><br>AIM Group USA Corporation, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01648-GMN-BNW<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's Motion for Default Judgment and Motion for Permanent Injunction against Defendant AIMS Group. ECF Nos. 116 and 118. No response has been filed.

**I.      Legal Standard for Default Judgment**

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. FED R. CIV. P. 55(a). Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id*. Additionally, the Rule 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend. *Id.* After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

In determining whether to grant default judgment, courts are guided by the following seven Eitel factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due

to excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## II. Legal Standard for Permanent Injunction

"[A] permanent injunction may be entered where the plaintiff shows: '(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014). Injunctive relief is almost always appropriate in trademark and unfair competition cases, "since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

## III. Analysis

Plaintiff commenced this action on September 29, 2022, by filing a Complaint. ECF No. 1. On February 21, 2023, a clerk's entry of default was entered as to Defendant AIMS Group pursuant to Plaintiff's request. ECF Nos. 37, 43.

However, on February 22, 2023, Plaintiff filed an Amended Complaint. ECF No. 45. Plaintiff's filing of an amended complaint rendered Defendant AIMS Group's default on the original complaint void. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent."). In this regard, "after amendment the original pleading no longer performs any function[.]" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). "Consequently, default judgment on the Amended Complaint would be improper because no default has been entered on the Amended Complaint." *ThermoLife Intern., LLC v. Sechel Holdings, Inc.*, No. CV 14-2291 PHX JAT, 2015 WL 1521779, at *2 (D. Ariz. Apr. 3, 2015); *Ogunsalu v. Nair*, 264 F. App'x 672, 674 (9th Cir. 2008) (unpublished) (noting that motions directed at superseded pleadings are to be denied as moot); *Nelson v. Nationwide Mortg. Corp.*, 659 F.Supp. 611, 615 (D.D.C. 1987) ("In light of [the plaintiff's] filing of an amended

complaint, her [previous] motions for entry of default judgments against [the defendants] must be denied as moot."). Plaintiff has not sought the entry of a clerk's default against AIMS Group after filing the Amended Complaint. Therefore, the Court recommends that the motion for default judgment be denied without prejudice.

Given the above and the factors the Court must consider when deciding whether to enter a permanent injunction, the Court recommends that the motion for permanent injunction be denied without prejudice.

### IV. CONCLUSION

**IT IS RECOMMENDED** that Plaintiff's motion for default judgment (ECF No. 116) and permanent injunction (ECF No. 118) be **DENIED without prejudice**.

### NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 18, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE