# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BBK TOBACCO & FOODS, LLP, an Arizona limited liability partnership, d/b/a HBI INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>AIMS GROUP USA CORPORATION a/k/a AIMS GROUP USA, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-01648-GMN-BNW<br><br>**ORDER** |

Plaintiff BBK Tobacco & Foods, LLP, d/b/a HBI International ("Plaintiff" or "BBK") moves for leave to file under seal Exhibit E to the Declaration of J. Alex Grimsley in Support of BBK's Renewed Motion for Entry of Default Judgments to Address Joint and Several Liability and Other Matters ("Exhibit E").

For the reasons below, Plaintiff's motion to seal is granted.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). While "courts recognize the general benefits of keeping settlement discussions and settlements confidential when feasible," the fact that a settlement agreement contains a confidentiality provision will not alone satisfy the compelling reason standard. *Harper v. Nevada Property 1, LLC*, 552 F.Supp. 3d 1033, 1041 (D. Nev. 2021).

Plaintiff seeks to seal the contents of a settlement agreement, currently filed under seal at ECF No. 137. While Plaintiff states that its motion is solely founded on the existence of a confidentiality provision within the settlement agreement, there are additional facts that warrant granting their motion. Based on Plaintiff's recent Motion for Default Judgement (ECF No. 134) and the Declaration of J. Alex Grimsley (ECF No. 135) in support of that Motion, the settlement agreement's function is to show that certain Defendants are still in fact subject to such liability. The settlement agreement itself is supplemental to both Grimsley's Declaration, wherein he states that "[t]he Settlement Agreement does not contain a release of any party," and to this Court's judgment against the NEPA Parties, which "expressly provides that the judgment against the NEPA Parties is without prejudice to BBK's claim against the other Defendants." (ECF No. 108, ¶ 15). The fact of the existence of a settlement agreement between NEPA and BBK is certainly relevant, but to disclose anything beyond the fact of its existence would not meaningfully advance the public's ability to understand the issue at hand.

For the foregoing reasons, and particularly considering the augmented sealing standards surrounding settlement agreements, Plaintiff's motion to seal is granted.

IT IS THEREFORE ORDERED that plaintiff BBK TOBACCO & FOODS, LLP's motion to seal is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to maintain ECF No. 137 under seal.

DATED this the 13th day of September, 2024.

_____
BRENDA WEKSLER
UNITED STATES DISTRICT JUDGE